Bernard Ryan, P. J.
On the morning of August 17, 1955 claimant Miriam Sussman, now Mrs. Stein, went to the office of the New York State Department of Labor, Division of Employment, located on the second floor of a building at 250 West 90th Street, Manhattan. She had business there. She stood in the “ O ” line, moved up with other applicants to the head of the line, was waited upon by the clerk at the counter, turned and walked towards the entrance. When about 10 or 20 or 25 feet from the door, she slipped and fell. She was assisted to her feet by an attendant who did not see her fall but whose attention to her was directed by another. She was escorted to the employees’ rest room and after a time went home in a taxicab. She had pain in her left knee and left ankle; she telephoned to a physician, then went to his office by taxicab. He examined the claimant and advised hospital care while he treated her. She was discharged from the hospital on August 23 but continued to see her doctor at his office until about October 1. He treated her for a bursitis in her left shoulder, for a sprain of the lateral, or outside ligament, of her left ankle and for injuries to her left wrist, left knee and left hip joint. On October 12, he rendered a bill for $130, part of which has been paid. The physician testified that his services were fairly and reasonably worth $300 which would include office calls since October 12, *514 1955. In his opinion, the condition of the left shoulder and left elbow could cause pain at the present time because of inflamed bursa.
Claimant testified that, upon entering the room, her first observation was that the floor was dirty, cluttered with cellophane packages, empty cigarette boxes and a lot of cellophane and cigarette butts and candy wrappers; that the floor was highly smudged and that there were areas of uneven floor wax. She also testified that the condition was as outstanding as the nose on one’s face; that.the reason she observed it was that she was astonished to see a building like that with a dirty floor.
Mrs. Stein’s description of the floor was disputed by the uniformed building guard who was the only other witness who testified on the subject. He also disputed her testimony that her shoe was covered with grease. The guard testified that he examined her shoe and that there was nothing on it. This witness was the attendant who assisted claimant to her feet. He also testified that smoking was not permitted in the office, a statement corroborated by the “No Smoking” sign shown in the photograph which is in evidence.
Both witnesses are interested. The burden of establishing that the floor was in a dangerous condition is upon the claimant. This obligation she has not discharged. Various conflicts between her testimony, given upon an examination before trial, and her testimony presented upon the trial do not assist in making her story the more believable one. Upon the facts hereinabove recited the claim must be dismissed. There is insufficient evidence from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred. (Budrow v. Grand Union Co., 302 N. Y. 804 [1951].)
Enter judgment of dismissal.